## ROTHGIBER, ESTATE OF, In Re

Ohio Appeals, 1st Dist, Butler Co

No 684. Decided June 5, 1936

Clinton Egbert, Hamilton, for the exceptor, Ida Hagood.

John D. Andrews, Hamilton, and John P. Rogers, Hamilton, for the administratrix with the will annexed.

## OPINION

By MATTHEWS, J.

This is an appeal from an order of the Probate Court of Butler County, entered on January 11th, 1936, on the hearing of exceptions to the account of William S. Reed, administrator with the will annexed of John Rothgiber, deceased, filed by his administratrix, and to the first and final account of Violet Brunton Reed, administratrix de bonis non cum testamento annexo of the said John Rothgiber, deceased.

The authority for this appeal, as stated in the stipulation of counsel, is found in §10501-62, GC, which provides that there shall be no appeal to the Common Pleas Court from the Probate Court if the judge of such court has the qualifications provided by law for judges of the Court of Common Pleas and if provision is made for a complete record at any hearing, so that a bill of exceptions or record may be prepared as provided by law in Courts of Common Pleas; "but an appeal may be prosecuted to the Court of Appeals in all matters within its jurisdiction in the manner provided by law for the prosecution of other appeals to said court."

The notice of intention to appeal filed in the Probate Court embraced both law and facts, and an appeal bond was given. Whether such notice can invest this court with jurisdiction to hear and determine the issues of fact de novo upon evidence adduced here depends upon the character of the proceedings in which the appeal was taken. If the settlement of an administrator's account is not a chancery case, the legislature was without power to confer appellate jurisdiction over it upon this court. That it is not a chancery case seems to have been definitely decided. In the case of In Re, Estate of Gurnea, 111 Oh St, 715, the court held, as stated in the syllabus, that:

"1. The settlement in the Probate Court of an account of an executor does not constitute a chancery case.

"2. The appeal to the Court of Common Pleas of the settlement of the account of an executor in the Probate Court is purely statutory and does not constitute a chancery case; hence the judgment of the Court of Common Pleas upon such an appeal from the Probate Court is not appealable to the Court of Appeals under §6, Article IV, of the Constitution of Ohio."

To the same effect are: In Re, Estate of Chipman, 13 Oh Ap, 186 and Sigafoos v Marker et, 27 Oh Ap, 1 (6 Abs 311).

As the administration of decedent's estate is not a chancery case the notice of intention to appeal on questions of law and fact could not confer jurisdiction upon this court to retry the facts. However, the appeal shall not be dismissed "but must stand for hearing on appeal on questions of law," as provided in §12223-21, GC, passed April 4th, 1935, effective January 1st, 1936.

The exceptions to the account were filed by Ida Hagood and were directed against many items, all of which excepting two were overruled by the Probate Court. The two items, exceptions to which were sustained, were both payments of fees to attorneys for services rendered to the administrator and administratrix, one being in amount $64.19 and the other $275.79.

The administratrix appealed to this court from the sustaining of the exceptions to these two items of credit. The exceptor did not appeal and, if she had, we would hold on the facts as disclosed by the bill of exceptions that no error intervened in the overruling of such exceptions.

The ground upon which the court sustained the exceptions to the credit items of payments to the attorneys was that Ida Hagood, the sole legatee and devisee, had entered into a contract with these same attorneys to represent her and on her behalf "to institute, prosecute and collect her said claims and all interest or rights she may have by reason of the death of said John Rothgiber, by any proceedings or in any court in which such services may be necessary" for which she agreed to pay them fifty per cent of the amount recovered which she claimed she had paid them.

Ida Hagood was not related by blood to John Rothgiber, but was engaged to be married to him. Her sole claim upon the estate was as legatee and devisee under a nuncupative will, which was contested by his sister. After much litigation in the Probate Court, the Common Pleas Court, this court, and again in the Common Pleas Court, a compromise was finally effected whereby the sister was paid a certain sum and the nuncupative will was sustained. This litigation resulted in several years delay in the administration of the estate.

The contract of employment was intro-

duced in evidence and is attached to the bill of exceptions. It shows that the employment covered the collection of money from an insurance company. The amount collected was $1000.00. The evidence shows that the attorneys were only paid $250.00 on this account, but that it was understood at the time that amount was paid that if the other litigation relating to her claim to the estate was successful the remaining $250.00 was to be paid.

If this amount should be included in the settlement, the attorneys have not been paid fifty per cent of the amount collected, even assuming that they should be charged in their settlement with Ida Hagood with the amount paid them by the administrator and administratrix. We do not see then that the existence of this personal employment of the same attorney by Ida Hagood to establish her claim against the estate through the nuncupative will is any basis for the disallowance of a credit in the accounts of the personal representative of a reasonable fee paid to those attorneys for services rendered in the administration of the estate. Furthermore, the services called for under the contract with Ida Hagood were different services, for a different person, than those rendered on behalf of the personal representative of the estate.

For these reasons, the judgment is reversed and the cause remanded to the Probate Court with instructions to overrule the exceptions and confirm the account.

ROSS, PJ, and HAMILTON, J, concur.